UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LYLE JUSTIN LOWE, and<br>FENTON FORD OF ADA, INC., | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. CIV-25-531-R |
| | ) | |
| MICHAEL GAYA, an individual, and<br>M&M CAPITAL INVESTMENTS,<br>LLC, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is the Motion for Default Judgment filed by Plaintiffs Lyle Justin Lowe and Fenton Ford of Ada, Inc. pursuant to Federal Rule of Civil Procedure 55(b)(2) [Doc. No. 16], in which Plaintiffs seek entry of a default judgment against Defendants Michael Gaya and M&M Capital Investments. Defendants have not filed a response to the Motion for Default Judgment within the requisite time. The matter is now at issue.

On May 14, 2025, Plaintiffs filed this action alleging claims for fraud and breach of contract related to the Defendants' failure to repay investment money Plaintiffs provided Defendants [Doc. No. 1]. The record reflects Michael Gaya and M&M Capital were served and failed to answer or plead [Doc. Nos. 4, 5]. The Clerk entered default against Michael Gaya and M&M Capital on November 12, 2025 [Doc. No. 10].

The entry of default judgment is committed to the sound discretion of the trial court. *Tripodi v. Welch*, 810 F.3d 761, 764 (10th Cir. 2016). Although cases should be decided on their merits whenever possible, a default judgment is a reasonable remedy when the

1

adversary process has been halted because of an unresponsive party. *In re Rains*, 946 F.2d 731, 732–33 (10th Cir. 1991). However, before a default judgment may be entered, the Court must consider whether it has jurisdiction over the parties and subject matter and "whether the unchallenged facts constitute a legitimate cause of action." *Bixler v. Foster*, 596 F.3d 751, 762 (10th Cir. 2010) (citation and quotation marks omitted). Additionally, a "default judgment may not be entered until the amount of damages has been ascertained." *Reg'l Dist. Council v. Mile High Rodbusters, Inc.*, 82 F. Supp. 3d 1235, 1243 (D. Colo. 2015).

Venue is proper in this District because the acts and/or omissions giving rise to this matter occurred in Oklahoma County, Oklahoma. The Court has subject-matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332, which provides that district courts shall have jurisdiction "of all civil actions where the matter in controversy exceeds . . . $75,000, . . . and is between . . . citizens of different States."[1] It does not appear that any Plaintiffs have the same citizenship as any Defendants. The amount in controversy exceeds $75,000.

The Court is also satisfied it has personal jurisdiction over the action. "A court will accept the well-pled allegations of the complaint as true in determining whether plaintiff has made a prima facie showing that personal jurisdiction exists." *Dwight v. Third World*

---

[1] This Court previously expressed concerns that Plaintiff Lyle Justin Lowe (an alleged Oklahoma resident) and former Defendant Gorilla Marketing Group, LLC (an entity allegedly licensed to do business in Oklahoma) were not diverse [Doc. No. 6]. Plaintiffs have since filed Notices of Voluntary Dismissal of Gorilla Marketing Group and Kristina Gaya [Doc. Nos. 7, 8]. Based on the current record, and in the absence of persuasive argument otherwise, the Court is satisfied diversity jurisdiction exists such that it possesses subject-matter jurisdiction over the matter.

*Press Found., Inc.*, No. 24-cv-03104-PAB-STV, 2025 WL 3769069, at *2 (D. Colo. Dec. 31, 2025) (citing *AST Sports Sci., Inc. v. CLF Distrib. Ltd.*, 514 F.3d 1054, 1057 (10th Cir. 2008)). Personal jurisdiction may be general or specific. The Court cannot conclude general jurisdiction is established because it does not appear that Gaya or M&M Capital have maintained "continuous and systematic contacts" with Oklahoma. *Klassen v. Lazik*, 91 P.3d 90, 92 (Okla. Civ. App. 2004) (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415-16 & n.9 (1984)).

> If general jurisdiction is not present, however, specific jurisdiction may be. A finding of specific jurisdiction is a two-step process. First, a court must determine whether the non-resident defendant had the requisite minimum contacts with the forum such that he should have "reasonably anticipate[d] being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). What constitutes minimum contacts varies with the "quality and nature of the defendant's activity." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958). Generally, however, this requirement is satisfied when the cause of action relates to or arises out of the defendant's forum-related activities. *Bearry v. Beech Aircraft Corp.*, 818 F.2d 370, 374 (5th Cir. 1987).
>
> Second, if minimum contacts have been established, a court must determine whether "the assertion of personal jurisdiction would comport with 'fair play and substantial justice.'" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985) (quoting *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 320 (1945)). The assertion of in personam jurisdiction comports with "fair play and substantial justice" if it is reasonable to require the defendant to defend suit in the forum. *World-Wide Volkswagen,* 444 U.S. at 292. A court considers the following factors to determine the necessary reasonableness: the burden on the defendant; the forum state's interest in adjudicating the dispute; "the plaintiff's interest in obtaining convenient and effective relief . . . the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and the shared interest of the several states in furthering fundamental substantive social policies." *Id.* (footnotes omitted).

*Id.* at 92-93.

Plaintiffs allege Gaya (who allegedly holds M&M Capital as a non-existent entity) travelled to Oklahoma City to discuss the investment agreement at issue. Furthermore, Gaya informed Plaintiffs that the business plan entered by the parties would entail the end products being manufactured in Oklahoma City. In the absence of the presentation of any persuasive authority to the contrary, the Court finds these allegations sufficient to establish its personal jurisdiction over Defendants Gaya and M&M Capital. *See id.* at 93 (court found defendant's "minimal contacts" of choosing to come to Oklahoma to negotiate and enter the agreement that gave rise to the litigation were sufficient to establish specific jurisdiction). "Even though Defendant[s'] contacts to this state are minimal, they are direct and are the very contacts that give rise to Plaintiff[s'] claim[s]." *Id.* (citing *Bearry*, 818 F.2d at 374).

By virtue of Defendants' default, the well-pleaded allegations of the Complaint are deemed admitted as to liability. See *United States v. Craighead*, 176 Fed. App'x 922, 924 (10th Cir. 2006) (unpublished) (citations omitted) (by defaulting, a defendant relieves the plaintiff of the requirement of proving the factual allegations in the complaint). Defendants have failed to respond or defend this action. The Court thus deems Plaintiffs' allegations admitted as to liability for Plaintiffs' claims.

Plaintiffs' Motion appears to revolve primarily around its breach of contract claim. To recover for breach of contract under Oklahoma law, a party must prove: (1) formation of a contract, (2) a breach thereof, and (3) actual damages resulting from the breach. *Richway, LLC v. SX Three, LLC*, No. CIV-25-21-SLP, 2025 WL 971750, at *2 (W.D. Okla. Mar. 31, 2025) (quoting *Valley View Agri, LLC v. Producers Coop. Oil Mill*, No. CIV-15-

4

1297-D, 2017 WL 1208670, at *2 (W.D. Okla. Mar. 31, 2017)). The Court finds Plaintiffs have sufficiently alleged an agreement between themselves and Defendants whereby Plaintiffs would provide $300,000.00 to Defendants, who would invest it and repay Plaintiffs double the amount invested. Plaintiffs have further alleged they provided Defendants with the investment money but Defendants breached the agreement by failing to repay Plaintiffs any amount. And Plaintiffs have demonstrated they suffered actual damages because of Defendants' failure to repay them.

> "If [a] defendant does not contest the amount prayed for in the complaint [by failing to answer] and the claim is for a sum certain or a sum that can be made certain by computation, the judgment generally will be entered for that amount without any further hearing." *Craighead*, 176 F. App'x at 925 (citation omitted); *Hunt v. Inter-Globe Energy, Inc.*, 770 F.2d 145, 148 (10th Cir. 1985) ("[A] court may enter a default judgment without a hearing only if the amount claimed is a liquidated sum or one capable of mathematical calculation.").

*Id.*

Plaintiffs seek damages in the amount of $600,000.00 from Defendants: $300,000.00 which Plaintiffs provided to Defendants as an investment and another $300,000.00 which Defendants promised to repay Plaintiffs by doubling their investment. Plaintiffs seek a sum certain based on the amounts Defendants promised to repay them and the terms of the Investment Agreement they signed. [2] The Court accordingly finds it proper

---

[2] Though the Investment Agreement [Doc. No. 16-1] provided by the Plaintiffs was signed by Michael Johnson, not Michael Gaya, the Court finds the allegations sufficient to establish Michael Gaya agreed to a contract with the Plaintiffs, pursuant to which he guaranteed a 100% return on Plaintiffs' investment of $300K. Plaintiffs have also alleged (1) Gaya agreed via phone and text message to be personally liable to Plaintiffs and (2) that part of what led to their investment were Gaya's promises to secure the investment and to have Michael Johnson guarantee the investment. In the absence of arguments or sources to

5

to award actual damages to Plaintiffs on their breach of contract claim[3] in the amount of $600,000.00.[4]

Accordingly, Plaintiffs' Motion for Default Judgment Against Defendants Michael Gaya and M&M Capital Investments, LLC [Doc. No. 16] is GRANTED. Based on the allegations and material submitted, the Court concludes Plaintiffs are entitled to entry of default judgment against, and are entitled to recover $600,000.00 (plus any post-judgment interest in accordance with 28 U.S.C. § 1961) from, Defendants Michael Gaya and M&M Capital Investments, LLC.[5]

---

the contrary, in addition to the Plaintiffs' allegations, the Court will look to the Investment Agreement signed by Johnson to help determine the amount of the judgment against Gaya and M&M Capital. The Investment Agreement indicates Johnson guaranteed the repayment of the initial investment ($300K) and agreed to pay back double the Plaintiffs' original investment.

[3] The only damages Plaintiffs seek in their Motion for Default Judgment are for the $600,000.00 they were promised pursuant to the Investment Agreement (i.e., damages resulting from Defendants' breach of contract). The Court thus will not award any additional damages to the Plaintiffs for their fraud claims.

[4] "The detriment caused by the breach of an obligation to pay money only is deemed to be the amount due by the terms of the obligation, with interest thereon." OKLA. STAT. tit. 23, § 22. Defendants agreed to pay Plaintiffs $600,000.00 and in the absence of the presentation of any persuasive argument or authority otherwise, the Court finds it appropriate to enter judgment against Defendants in this amount due to their failure to abide by their agreement.

[5] "A prevailing party who seeks to recover costs against an unsuccessful party pursuant to 28 U.S.C. § 1920 shall file a bill of costs . . . not more than 14 days after entry of judgment." LCvR54.1. Furthermore, "[a] motion for recovery of legal fees with brief shall be a separate document from the bill of costs and its brief." LCvR54.2; *see also* Fed. R. Civ. P. 54(d)(2)(B) (requiring motion for attorney fees to "be filed no later than 14 days after entry of the judgment" and requiring motion to "specify the judgment" entitling the prevailing party to the award).

IT IS SO ORDERED this 17th day of March, 2026.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE